## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                             |   |                      |
|-----------------------------|---|----------------------|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
|                             | : |                      |
|                             | : |                      |
| **v.**                      | : |                      |
|                             | : |                      |
| **FRANK ANTICO**            | : | **NO.  98-242**      |
|                             | : |                      |

## <u>ORDER AND MEMORANDUM</u>

### <u>O R D E R</u>

**AND NOW**, this 1st day of August, 2008, upon consideration of Frank Antico's Motion for Early Termination of Supervised Release (Document No. 239, filed July 3, 2008), and the Government's Response to Defendant's Motion for Early Termination of Supervised Release (Document No. 239, filed July 22, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Frank Antico's Motion for Early Termination of Supervised Release is **DENIED**.

### <u>M E M O R A N D U M</u>

### I.  <u>BACKGROUND</u>

On May 11, 1999, a jury convicted defendant, Frank Antico, of one count of racketeering, a series of extortion counts, and a series of mail and wire fraud counts.  Defendant was originally sentenced, *inter alia*, to 63 months incarceration and three months of supervised release on April 28, 2000.   That sentence was vacated on appeal and the case was remanded to this Court for resentencing.  At resentencing on May 14, 2002, defendant was sentenced, *inter alia*, to a term of imprisonment of 63 months and three years of supervised release.

The Motion for Early Termination of Supervised Release was filed on July 3, 2008.  In

the Motion, defendant argues that, since his release from custody on January 8, 2007, "he has complied without incident with all terms and conditions of the supervised release program under 18 U.S.C. § 3583," and has "fully satisfied his forfeiture obligation."  (Mot. ¶¶ 8 and 10)   In addition, the Motion recites that defendant has paid his fine and special assessment and has no outstanding financial obligations to the Court.  (Mot. ¶ 11)   Defendant also notes that he is 68 years of age and still suffers from the ill effects of a serious car accident which occurred in July of 1999.  (Mot. ¶ 18)   Based on that record, defendant seeks early termination of his supervised release "because he has demonstrated that there is no need for him to remain under supervision." (Mot. ¶ 12)

### DISCUSSION

18 U.S.C. § 3583(e) provides for modification of conditions or revocation of supervised release. The statute provides, in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).  In determining whether termination of supervised release is appropriate, this Court must evaluate, *inter alia*, the nature and circumstances of the offense, the defendant's history and characteristics, the need to deter criminal conduct, the need to protect the

public from further crimes of the defendant, and the need to provide the defendant with appropriate supervision.  The phrase "interest of justice" as used in 18 U.S.C. § 3583(e) gives district courts latitude to consider a broad range of factors.  *See*, *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir.1999).

Before granting a motion for  early termination of supervised release the Court must be satisfied that the relief requested is warranted by the conduct of the defendant and is consistent with the interests of justice. *See, United States v. Toussie*, 2005 WL 2095728, *2 (E.D. N.Y. 2005).  "Early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" *United States v. Sheckley*, 129 F.3d 114, 1997 WL 701370, *1 (2d Cir. 1997) (unpub.).  It is not enough to allege that the defendant has complied with all of the conditions of supervised release.  *See Karacsonyi v. United States*, 152 F.3d 918 (unpub.), 1998 WL 401273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release"); *United States v. Paterno*, 2002 WL 1065682, *3 (D. N.J. 2002) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of defendant.").

The conduct cited by defendant in support of his Motion is commendable.  It appears from the Motion that defendant has complied with all of the financial conditions of his supervision and has abided by all of the other conditions of supervised release.  However, that is nothing more than what is required under the terms of his supervised release. Mere compliance with the conditions of supervision is insufficient to warrant early termination of supervision.

The Court is, of course, concerned about defendant's advanced age and his health

3

concerns.  Nevertheless, there is no evidence that continued supervised release will have anything more than a minimal impact on his day-to-day life.

Defendant was convicted of very serious crimes - RICO violations, Hobbs Act extortion, mail and wire fraud.  Considering all of the goals of sentencing - particularly, appropriate punishment, deterrence, protection of the public interest, and an opportunity to complete rehabilitation - the Court concludes that early termination of defendant's supervised release is not warranted.  Defendant has not come forward with any evidence of extraordinary conduct sufficient to warrant such early termination.

**BY THE COURT:**

**s/ Honorable Jan E. DuBois**

**_____**

**JAN E. DUBOIS, J.**