IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK ANTICO | : | NO. 98-242 |

## ORDER AND MEMORANDUM

### ORDER

**AND NOW**, this 4th day of September, 2008, upon consideration of Defendant's Motion for Reconsideration of Courts Order Dated August 1, 2008 Denying Frank Antico's Motion For Early Termination of Supervised Release (Document No. 242, filed August 12, 2008), and the Government's Response (Document No. 242, filed September 2, 2008), and defendant's Letter/Reply dated September 3, 2008,[1] **IT IS ORDERED** that Defendant's Motion for Reconsideration of Courts Order Dated August 1, 2008 Denying Frank Antico's Motion for Early Termination of Supervised Release is **DENIED**.

### MEMORANDUM

I.  **BACKGROUND**

On May 11, 1999, a jury convicted defendant, Frank Antico, of one count of racketeering, a series of extortion counts, and a series of mail and wire fraud counts. Defendant was originally sentenced, *inter alia*, to 63 months incarceration and three months of supervised release on April

---

[1] A copy of the Letter/Reply dated September 3, 2008, shall be docketed by the Deputy Clerk.

28, 2000. That sentence was vacated on appeal and the case was remanded to this Court for resentencing. At resentencing on May 14, 2002, defendant was sentenced, *inter alia*, to a term of imprisonment of 63 months and three years of supervised release;

The Motion for Early Termination of Supervised Release was filed on July 3, 2008. In the Motion, defendant argued that, since his release from custody on January 8, 2007, "he has complied without incident with all terms and conditions of the supervised release program under 18 U.S.C. § 3583," and has "fully satisfied his forfeiture obligation." (Mot. ¶¶ 8 and 10) In addition, the Motion recited that defendant has paid his fine and special assessment and has no outstanding financial obligations to the Court. (Mot. ¶ 11) Defendant also noted that he is 68 years of age and still suffers from the ill effects of a serious car accident which occurred in July of 1999. (Mot. ¶ 18) Based on that record, defendant sought early termination of his supervised release "because he has demonstrated that there is no need for him to remain under supervision." (Mot. ¶ 12)

By Order and Memorandum dated August 1, 2008, the Court denied the Motion for Early Termination of Supervised Release on the grounds that (1) mere compliance with the conditions of supervision is insufficient to warrant early termination of supervised release; (2) defendant presented no evidence that continued supervised release would have anything more than a minimal impact on his day-to-day life, taking into consideration his advanced age and health concerns; (3) defendant was convicted of very serious crimes - RICO violations, Hobbs Act extortion, mail and wire fraud; and, (4) considering all of the goals of sentencing - particularly, appropriate punishment, deterrence, protection of the public interest, and an opportunity to complete rehabilitation - early termination of supervised release was not warranted because defendant did not present any evidence of extraordinary conduct.

## II.  DISCUSSION

In seeking reconsideration, defendant claims that the Court erred in considering the seriousness of his original sentence in denying his Motion. According to defense counsel, the Court "placed inappropriate and undue emphasis on the seriousness of the crimes underlying Mr. Antico's conviction and retributive concepts." It is defendant's position that 18 U.S.C. § 3583 (e)(1) precludes the Court's consideration of the original offense in deciding the issue. The Court disagrees.

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1). That section expressly provides that a Court considering early termination, revocation or modification of supervised release may consider 18 U.S.C. § 3553(a)(1). The latter section states that the Court <u>shall</u> consider "the nature and circumstances of the offense and history and characteristics of the defendant."

The Court, in denying the Motion for Early Termination of Supervised Release considered, among the other factors set forth above and in its August 1, 2008 Memorandum, the nature and circumstances of the offense, and the history and characteristics of the defendant. That was entirely proper and does not warrant reconsideration. *See, United States v. Lewis*, 498 F.3d 393 (6th Cir. 2007), and cases cited therein.[2] Although there is contrary authority in the Fourth and Ninth Circuits, the *Lewis* Court rejected it, as does this Court.

Defendant, in his Letter/Reply also argues that defendant's voluntary satisfaction of the forfeiture obligation is an additional ground warranting early termination of supervised release. The Court commends defendant for voluntarily satisfying the forfeiture obligation but, like the other reasons advanced for early termination, it simply does not rise to the exceptional level.

---

[2]The Third Circuit has not directly considered the issue raised in defendant's Motion.

The Court denied defendant's Motion for Early Termination of Supervised Release after considering 18 U.S.C. § 3583(e)(1) and all of the goals of sentencing set forth in 18 U.S.C. § 3553(a). Defendant's conduct was not exceptional and does not warrant early termination of supervised release. Reference to the serious nature of the underlying offenses of conviction does not undermine the Court's ruling and does not warrant reconsideration.

BY THE COURT:

/s/ Jan E. DuBois
JAN E. DUBOIS, J.

9/5/08 faxed
Barrett, Cedrone